**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| IN RE EX PARTE APPLICATION OF CHINA PETROCHEMICAL DEVELOPMENT CORPORATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 3:17-cv-02138 (SRU) |
| --- | --- |

**RULING AND ORDER**

China Petrochemical Development Corporation ("CPDC") seeks discovery from Dr. Anne K. Roby ("Dr. Roby"), a Senior Vice President of Praxair, alleging that the discovery is "for use" in three civil actions in the Taiwanese courts: (1) a temporary administrator proceeding, (2) a director injunction proceeding, and (3) a shareholder declaration proceeding. Dr. Roby filed a motion to quash a subpoena served on her and opposed the application for discovery, claiming that the discovery is not "for use" in any of the proceedings in Taiwan. For the reasons that follow, Dr. Roby's motion, Doc. No. 33, is **granted** and CPDC's application for discovery in aid of Taiwan litigation, Doc. No. 1, is **denied**.

## I. Background

In 1998, CPDC entered into a joint venture agreement ("JV Agreement") with Praxair. Pursuant to that agreement, CPDC and Praxair formed a joint venture company called Praxair Chemax Semiconductor Materials Company Limited ("PCSM"). Mem. Supp. Mot. Quash Subpoena, Doc. No. 33-2, at 3. On January 23, 2017, CPDC—alleging that Praxair had taken several actions that did not comply with the JV Agreement—initiated an arbitration proceeding

against Praxair in Taipei, before the International Chamber of Commerce's International Court of Arbitration (the "ICC Arbitration"). *See id.* at 4.

The JV Agreement contained a binding arbitration clause, which provided that all disputes arising out of the Agreement must be settled by binding commercial arbitration in Taipei before the International Court of Arbitration. *Id.* In accordance with that clause, on August 28, 2017, I granted CPDC's *ex parte* application for discovery under 28 U.S.C. § 1782, and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure. I ordered that all documents requested from Dr. Anne K. Roby ("Dr. Roby"), a Senior Vice President of Praxair who served as Vice Chairman of PCSM's board of directors until January 10, 2017, be produced within 30 days of service. On August 30, 2017, CPDC issued a subpoena on Dr. Roby, seeking documents and Dr. Roby's deposition. On October 5, 2017, Dr. Roby filed a motion to quash the subpoena in its entirety.

On November 28, 2017, I granted Dr. Roby's motion to quash the subpoena, holding that the discovery sought was not "for use" in the ICC arbitration proceeding. *See* Order granting Motion to Quash Subpoena, Doc. No. 41. I requested additional briefing on "whether the discovery sought by the subpoena at issue is 'for use' in the three civil actions currently pending before the Taiwanese courts." *Id.* at 3, 5. Those three civil actions include: (1) a temporary administrator proceeding, (2) a director injunction proceeding, and (3) a shareholder declaration proceeding.

On December 22, 2017, CPDC filed a memorandum of law in support of its application for discovery in aid of Taiwan litigation. On January 11, 2018, Dr. Roby filed an opposition to CPDC's application for discovery. On January 25, 2018, CPDC filed a reply memorandum in further support of its application for discovery. On March 3, 2018, Dr. Roby filed a supplemental

brief opposing the application for discovery. On March 5, 2018, CPDC filed a response letter to Dr. Roby's supplemental opposition brief.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1782(a), "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." Such an order "may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court." *Id.*

I am authorized to grant an application under section 1782 if the following three statutory requirements are met: (1) the person from whom discovery is sought lives in, or is found, within the district; (2) the discovery is for use in a proceeding before an international or foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person. *In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996).

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a district court to modify or quash a subpoena "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002).

## III. Discussion

Because Dr. Roby concedes the first and third statutory requirements of Section 1782, the application for discovery in Taiwan litigation presents only the question whether the discovery sought by the subpoena at issue is "for use" in the three civil actions currently pending before the Taiwanese courts. CPDC Mem. Law Supp. App. Discovery, Doc. No. 45, at 5; *see also* Dr. Roby Mem. of Law in Opp. Application for Discovery, Doc. No. 47, at 1. I find that the discovery

CPDC seeks is not "for use" in any of the three Taiwan proceedings, and therefore need not consider the four discretionary factors outlined by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc*. 542 U.S. 241, 264 (2004).

In defining the "for use" requirement, the Second Circuit has focused "on the *practical ability* of [a Section 1782 applicant] to place a beneficial document—or the information it contains—before a foreign tribunal." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017) (emphasis in original). A Section 1782 applicant must be in a "position to have the [tribunals] consider" the evidence that the applicant plans to put forth, and must have a "means of injecting the evidence into the proceeding." *Id.* (internal citations omitted). A mere showing that discovery sought would be "useful" to applicants, without an ability to introduce the information into evidence in a foreign proceeding, is not enough. *Id.* (internal citation omitted). An applicant need not show, however, that he can only prevail if he obtains the sought-after discovery. *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015). Instead, he must only show that the sought-after discovery "will be employed with some advantage or serve some use in the proceeding." *Id.*

A. <u>The Temporary Administrator Proceeding</u>

The Temporary Administrator Proceeding was dismissed by the Taiwan High Court in a final decision on November 8, 2017. Dr. Roby Mem. of Law in Opp. Application for Discovery, Doc. No. 47, at 4; CPDC Mem. Law Supp. App. Discovery, Doc. No. 45, at 3. CPDC contends that the discovery it seeks from Dr. Roby is "for use" in the Temporary Administrator Proceeding because under Taiwanese law, a party may be granted a rehearing in a case that has been resolved within five years of the resolution of the case if that party can present new evidence supporting its petition. Third Decl. Edward Chen, Doc. No. 46, at ¶ 9 (referring to

Taiwan Code of Civ. Proc., art. 496, para. 1, subpara. 13). Dr. Roby argues, however, that under that same Taiwanese law, a party can be granted a rehearing only where "newly-discovered, tangible evidence will result in a more favorable decision to such party." Supp. Decl. Hsin-Hung Chen, Doc. No. 47, at ¶ 4 (citing Taiwan Code of Civ. Proc., art. 496, para. 1, subpara. 13.) (internal quotations omitted).

The Second Circuit has held that Section 1782 does not require a district court to determine whether information sought is admissible in foreign proceedings, and that questions of admissibility are for foreign courts to decide. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012). At the same time, the Second Circuit has also focused on the "*practical ability* of an applicant to place a beneficial document–or the information it contains–before a foreign tribunal." *In re Accent Delight Int'l Ltd.*, 869 F.3d at 131 (emphasis in original). A showing that sought after discovery would be "useful" to a particular applicant, without that applicant's ability to introduce the information into evidence in a foreign proceeding, is not enough. *Id.*

Here, the Temporary Administrator Proceeding was dismissed because the Taiwan High Court held that CPDC's claim involved a "dispute over the company's business operations." Supp. Decl. Hsin-Hung Chen, Doc. No. 47, at ¶ 4. CPDC argues that that "Dr. Roby's testimony will be an essential (perhaps the only) way for CPDC to test the allegation" that the supply agreement was an oral agreement, and that Dr. Roby "undoubtedly possesses information critical to the Temporary Administrator Proceeding." CPDC Mem. Law Supp. App. Discovery, Doc. No. 45, at 2.

Here, the claimed "newly-discovered, tangible evidence" will not "result in a more favorable decision" for CPDC because the additional, sought-after testimony from Dr. Roby

would not change the categorization of the dispute by the Taiwan High Court. Supp. Decl. Hsin-Hung Chen, Doc. No. 47, at ¶ 4 (citing Taiwan Code of Civ. Proc., art. 496, para. 1, subpara. 13). I need not decide whether the evidence would be admissible at a rehearing, because the sought-after evidence would not open the door for CPDC to initiate a rehearing where the evidence might be admitted.

Therefore, even if Dr. Roby possesses "useful" information regarding the Temporary Administrator Proceeding, and even if deposing her is the only way for CPDC to obtain the information regarding its allegations about an oral Praxair-PCSM Supply Agreement, the Taiwanese High Court would not allow rehearing on the issue based on the information Dr. Roby could provide in her deposition. *See* CPDC Mem. Law Supp. App. Discovery, Doc. No. 45, at 2. Because the deposition testimony would not be introduced into evidence in the Temporary Administrator Proceeding, the sought-after discovery is not "for use" in that proceeding.

B. The Director Injunction Proceeding

The Director Injunction Proceeding is currently pending before the Taiwan Supreme Court. CPDC Mem. Law Supp. App. Discovery, Doc. No. 45, at 4, 7; Dr. Roby Mem. of Law in Opp. Application for Discovery, Doc. No. 47, at 7. CPDC contends that Article 476 of the Taiwan Code of Civil Procedure "would permit" the Taiwan Supreme Court to "take into account and determine whether" the lower court "erred in not reserving its judgment until receipt of the ICC evidence, as it is a violation of litigation procedure for the court to decide the matter without taking into account all material evidence." Second Decl. of Edward Chen, Doc. No. 38-3, at ¶ 13. Dr. Roby contends that Article 476 pertains to "*errors of law*, taking new evidence into account only when it relates to a *procedural* error at the prior court." Dr. Roby Mem. of Law in Opp. Application for Discovery, Doc. No. 47, at 7.

Taiwan Code of Civil Procedure Article 476 states that the Taiwan Supreme Court may consider facts alleged regarding violations of provisions regulating litigation procedure. *See* Supp. H. Chen. Decl., Doc. No. 47-1, at ¶¶ 8-9 (quoting Article 476 of the Taiwan Code of Civil Procedure). Otherwise, the Taiwan Supreme Court may only review "lower court decisions for errors of law, taking new evidence into account only when it relates to a procedural error at the lower level." *Id.* at ¶ 8. Furthermore, the Taiwan Supreme Court has explained that "it is the second instance court's duty to conduct fact finding on the *merits of the case*, and it is the third instance court's duty to review to see whether the second instance court committed an error in law when conducting such fact finding." *Id.* at ¶ 10 (quoting Resolution of the 1990 1st Supreme Court Civil Division Meeting, dated Mar. 6, 1990) (emphasis added).

Here, CPDC seeks testimony from Dr. Roby during the time that she "directed the activities leading up to the special shareholders' meeting" because she "undoubtedly has information critical to CPDC's ability to show that Praxair and PCSM engaged in a campaign to exclude CPDC." CPDC Mem. Law Supp. App. Discovery, Doc. No. 45, at 3. That information, however, does not relate to a procedural error in the Director Injunction Proceeding, but instead relates to the "merits of the case", and thus the Taiwan Supreme Court cannot consider it on appeal. *See* Supp. H. Chen. Decl., Doc. No. 47-1, at ¶ 8 (quoting Resolution of the 1990 1st Supreme Court Civil Division Meeting, dated Mar. 6, 1990). Therefore, the information CPDC seeks from Dr. Roby's deposition testimony is not "for use" in the Director Injunction Proceeding.

C. The Shareholder Declaration Proceeding

The Shareholder Declaration Proceeding is currently pending before the court of first instance in Taiwan, and therefore CPDC may put forth new evidence in that proceeding. CPDC

Mem. Law Supp. App. Discovery, Doc. No. 45, at 4. CPDC states that the subpoena it seeks from Dr. Roby is "tailored to obtain…information" that is relevant to the Shareholder Declaration Proceeding. *Id.* Dr. Roby frames the central issue in the Shareholder Declaration Proceeding as "whether the procedure to call PCSM's February 21, 2017 shareholders' meeting violated any law." Supp. Decl. Hsin-Hung Chen, Doc. No. 47, at ¶ 12. Dr. Roby contends that "the evidence CPDC asserts it seeks from Dr. Roby is immaterial" to the Shareholder Declaration Proceeding, as evidenced by the fact that CPDC did not request evidence from Dr. Roby in a recent hearing with the presiding judge in the Shareholder Declaration Proceeding. Dr. Roby Mem. of Law in Opp. Application for Discovery, Doc. No. 47, at 9.

"The proper scope of . . . discovery sought under section 1782, like all federal discovery, is governed by Federal Rule 26(b)." *In re Application Pursuant to 28 U.S.C. Section 1782 of Christen Sveas*, 249 F.R.D. 96, 106 (S.D.N.Y. 2008) ("*Sveas*") (internal citation omitted). Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). For purposes of discovery, relevance as it relates to the subject matter of an action is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The term "reasonably calculated" in Rule 26(b)(1) means "any possibility" that the information sought may be relevant. *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y.1988) (quoting Fed. R. Civ. P. 26(b)(1)). Even where "relevance is in doubt" in a Section 1782 case, "the district court should be permissive." *Sveas*, 249 F.R.D. at 107. In addition, the Second Circuit has held that where there are circumstances in which new evidence may be heard in a foreign proceeding, the "for

use" requirement has been satisfied, "regardless of how narrow those circumstances might be." *Brandi-Dohrn*, 673 F.3d at 83.

CPDC seeks a declaration from the court in Taiwan that the "February 2017 special shareholders' resolutions are null and void, and that the election of directors and supervisors was not valid." CPDC Mem. Law Supp. App. Discovery, Doc. No. 45, at 4. CPDC argues that the subpoena it has submitted to Dr. Roby is "tailored to obtain that information" and that because she was the Praxair-appointed PCSM director "leading the charge on all pre-February 2017 initiatives," Dr. Roby knows relevant information. *Id.* Dr. Roby contends that her deposition testimony is irrelevant to the Shareholder Declaration Proceeding.

I find that the information CPDC seeks is not relevant to events that arose at the time Dr. Roby was acting Vice-Chairman of PCSM. Although Dr. Roby was acting Vice-Chairman of PCSM at the time the dispute arose between Praxair and CPDC regarding PCSM's officers and directors, the subpoena does not request, or indicate that CPDC is seeking, any documents relating to the Shareholder Declaration Proceeding. CPDC Mem. Law Supp. App. Discovery, Doc. No. 45, at 2; Subpoena of Dr. Roby, Exhibit 1. The only document request that discusses any topic even remotely related to the Shareholder Declaration Proceeding is Number 5, "[a]ny Documents and/or communications after August 27, 2012 concerning my nomination or appointment of officers, directors, or supervisors for PCSM by either of Praxair or CPDC." *Id.* at 6. Any information Dr. Roby may have, however, regarding "nomination or appointment of officers, directors, or supervisors" will not shed light on the *legality* of the procedure to call PCSM's February 21, 2017 shareholders' meeting. Therefore, Dr. Roby's testimony is not relevant to the Shareholder Declaration Proceeding, and thus, is also not "for use" in that proceeding.

## IV. Conclusion

Dr. Roby's Motion to Quash the Subpoena Issued Pursuant to 28 U.S.C. § 1782 (Doc. No. 33) is **granted**. CPDC's Application for Discovery in Aid of Taiwan Litigation (Doc No. 1) is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of March 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge